132 F.3d 36
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William C. BUBOLZ, Petitioner-Appellant,
v.
Daniel BERTRAND,[1] Respondent-Appellee.
 No. 96-2985.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 24, 1997.*
Decided Dec. 16, 1997.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin, No. 96-C-184; J.P. Stadtmueller, Chief Judge.
 Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.
 ORDER
 STADTMUELLER, Chief Judge.
 
 
 1
 William C. Bubolz appeals from the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 1993, Bubolz pleaded no contest and was convicted of one count of arson in violation of Wis. Stat. § 943.02(1)(a) (1989-90) and one count of criminal damage to property in violation of Wis. Stat. § 943.01(2)(d) (1989-90). Bubolz was sentenced to fifteen years' incarceration for the arson conviction with a consecutive five year prison term on the criminal damage to property conviction. After having exhausted his state court remedies, Bubolz petitioned the district court under § 2254 on the basis that he was denied his right to due process because when he was twenty years old he was tried as an adult for a crime he committed when he was fourteen. The district court dismissed Bubolz's habeas petition and denied his request for a certificate of appealability. This court granted Bubolz's certificate of appealability on one specific issue:
 
 
 2
 Whether the state's delay in charging Bubolz (when he was twenty years old for an offense committed when he was fourteen) denied him of due process by depriving Bubolz of his opportunity to have his charges adjudicated by a juvenile court?[2]
 
 
 3
 Bubolz's habeas petition was filed before April 24, 1996; therefore, the Antiterrorism and Effective Death Penalty Act (AEDPA) does not govern our analysis. Lindh v. Murphy, 117 S.Ct. 2059, 2068 (1997). Although this court granted Bubolz's request for a certificate of appealability instead of a certificate of probable cause, there is no harm to Bubolz's appeal because we have recognized that the new habeas standards are more rigorous than the pre-AEDPA standards. See Abrams v. Barnett, 121 F.2d 1036, 1037-38 (7th Cir.1997).
 
 
 4
 Reviewing the state trial and appellate courts' factual determinations as presumptively correct and the pertinent legal questions de novo, see Lieberman v. Washington, Nos. 95-3179 & 95-3194, slip op. at 11 (7th Cir. Oct. 27, 1997), we conclude that Bubolz was not deprived of his right to clue process. In 1993, Bubolz admitted to setting fire to the Reedsville, Wisconsin, High School in 1987, the Reedsville Cooperative Furniture Store in 1991, and a restroom at the Village of Reedsville Fireman's Park in 1991. Bubolz committed the Reedsville High School arson at age fourteen, but did not confess to the crime until he was twenty years old. The Court of Appeals of Wisconsin concluded that Bubolz was charged and sentenced for the arson as a twenty year old because that was when his involvement with the fire became evident.
 
 
 5
 Some courts have written that intentionally delaying the initiation of a criminal prosecution until the defendant is old enough to be sentenced as an adult violates the due process clause. These courts also hold that delay that does not serve as a strategic function does not violate the Constitution. We may assume for current purposes that this is a correct statement of constitutional law, although that question remains open in this circuit. Bubolz, who has never asserted that the state intentionally delayed prosecuting him, cannot prevail unless all delay violates the Constitution, and no court has so held. Prosecution came six years after his first arson because not until his confession did the state have the evidence necessary to convict him of that offense. Unless we were willing to create a new rule of constitutional law in this collateral attack, a step Teague v. Lane, 489 U.S. 288 (1989), forbids, Bubolz could not prevail.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 During the pendency of this appeal, Daniel Bertrand replaced Corwin G. Vander Ark as Warden of the Green Bay Correctional Institute in Green Bay, Wisconsin. Pursuant to Federal Rule of Appellate Procedure 43(c), this court on its own motion substitutes Daniel Bertrand as the Respondent-Appellee in this action
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [2]
 We note that this was the only claim Bubolz brought in his habeas petition